IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY Y. HUEY,<br><br>        Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>        Defendants.<br>_____/ | No. C-07-02266 EDL<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS; STAYING ACTION AND SETTING CASE MANAGEMENT CONFERENCE** |

       On April 25, 2007, Plaintiff Terry Huey brought this action for damages pursuant to 42 U.S.C. § 1983 against Defendants City and County of San Francisco, Police Chief Heather Fong and Deputy Chief Charles Keohane, alleging that Defendants violated his constitutional rights by depriving him, without due process of law, of his property interest in his employment by failing to acknowledge the rescission of his resignation. On August 7, 2007, Defendants filed a motion to dismiss arguing that: (1) Plaintiff's due process claim is barred by res judicata; (2) Plaintiff's due process claim is barred by issue preclusion; (3) Plaintiff cannot state a claim for violation of due process because he had no constitutionally protected property right in his employment after he resigned; and (4) Plaintiff cannot state a claim under Monell v. Department of Social Servs., 436 U.S. 658 (1978). This motion was fully briefed and was argued before the Court on September 11, 2007. The Court gave the parties leave to file supplemental briefs, which Defendants did on September 14, 2007 and Plaintiff did on September 18, 2007.

**FACTS**

       According to the complaint, on April 27, 2005 at approximately 10:00 a.m., Plaintiff reported

to the San Francisco Police Department's Personnel Division where he met with Captain Gonzalez and executed a Separation Report to resign his position as a police officer. See Compl. ¶ 6. Captain Gonzalez recommended that Plaintiff also submit a Memorandum to his superior officer concerning his resignation. See id. ¶ 7.

At approximately noon that day, Plaintiff submitted a Memorandum to Captain Sanford, Plaintiff' superior officer. See id. ¶ 8. Captain Sanford was surprised by Plaintiff's resignation, and after some discussion, Plaintiff was dissuaded from resigning. See id. ¶ 9. At that meeting, Plaintiff orally advised Captain Sanford that he would like to rescind his resignation. See id. At approximately 2:00 p.m., Captain Sanford informed Captain Gonzalez by telephone that Plaintiff did not wish to resign. See id. ¶ 10.

At approximately 4:00 or 4:30 p.m., Plaintiff presented a Rescinding Resignation Memorandum, which Captain Sanford stamped and signed. See id. ¶ 11. At approximately 5:30 p.m., Captain Sanford faxed the Rescinding Resignation Memorandum to Captain Gonzalez, Captain Keohane and Sergeant Joseph Reilly. See id. ¶ 12. Captain Sanford submitted the Rescinding Memorandum up the chain of command where it was approved by Deputy Chief Suhr. See id. ¶ 13.

The police department did not acknowledge Plaintiff's rescission. See id. ¶ 14. On September 27, 2005, Plaintiff filed a first amended writ of mandate with the superior court seeking reinstatement and damages. See id. ¶ 15; Request for Judicial Notice Ex. A.[1] On May 3, 2007, the superior court denied the writ, finding, *inter alia*, that Plaintiff had not submitted his written rescission of resignation before the close of business on April 27, 2005 when his resignation became effective. See Request for Judicial Notice Ex. B. On May 21, 2007, Plaintiff appealed the order denying the writ. See id. Ex. C. That appeal is pending.

**DISCUSSION**

Under certain circumstances, the doctrines of res judicata and collateral estoppel bar

---

[1] Judicial notice of court documents and official police department or city policies is appropriate. The Court generally may not consider matters outside the pleadings in ruling on a motion pursuant to Rule 12(b)(6). However, the Court may take judicial notice of, and properly consider, matters of public record outside the pleadings. MGIC Indemnity Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986); Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

litigation of claims or issues that have been previously litigated.  See Blonder Tongue Laboratories v. Univ. of Ill. Found., 402 U.S. 313, 323-324 (1971) (doctrine of res judicata bars federal action where earlier lawsuit involving the same claims and the same parties or their privies reached a final judgment on the merits); Ashe v. Swenson, 397 U.S. 436, 443 (1970) (collateral estoppel means that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.").  "A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."  Migra v. Warren City School Dist. Bd. of Ed., 465 U.S. 75, 81 (1984).  Accordingly, federal courts apply state preclusion law to determine whether res judicata or collateral estoppel apply.

A key component of California preclusion law, which the parties did not raise in their motion papers, is finality of the underlying judgment.  See Federation of Hillside & Canyon Ass'ns v. City of Los Angeles, 126 Cal.App.4th 1180, 1202 (2005) (res judicata applies if, inter *alia,* the decision in the prior proceeding is final and on the merits); Lucido v. Superior Court, 51 Cal.3d 335, 341(1990) (a number of factors must be met before issue preclusion can apply, including that "the decision in the former proceeding must be final and on the merits.").  The Court gave the parties leave to supplement their briefing to address this issue, but only Plaintiff addressed the finality issue in his supplemental brief.

Under California law, the pendency of an appeal precludes finality.  See Sosa v. DirecTV, 437 F.3d 923, 928 (9th Cir. 2006) ("California and federal law differ, however, with respect to when a judgment rendered by a trial court becomes a 'final judgment' for res judicata purposes.  'Under California law, . . . a judgment is not final for purposes of res judicata during the pendency of and until resolution of an appeal.'") (quoting Eichman v. Fotomat Corp., 759 F.2d 1434, 1439 (9th Cir. 1985)); Nathanson v. Hecker, 99 Cal.App.4th 1158, 1163, n. 1 (2002) ("'California and federal law differ in their definition of finality for purposes of res judicata. The pendency of an appeal precludes finality under California law, but, under federal law and the law of many other states, the pendency of an appeal does not alter the res judicata effect of an otherwise final judgment.'" [citations omitted]); People v. Sims, 32 Cal.3d 468, 486 (1982) ("However, it is a well established rule that

3

1   only judgments which are free from direct attack are final and may not be relitigated."), <u>superceded
2   by statute on other grounds as stated in</u> <u>People v. Preston</u>, 43 Cal.App.4th 450 (1996); <u>see also</u> Cal.
3   Code Civ. Proc. § 1049 ("An action is deemed to be pending from the time of its commencement
4   until its final determination upon appeal, or until the time for appeal has passed, unless the judgment
5   is sooner satisfied."). On May 21, 2007, Plaintiff appealed the state trial court's denial of his writ of
6   mandate, and at the September 11, 2007 hearing in this case, the parties informed the Court that
7   briefing is not yet complete for the state court appeal. Because Plaintiff's appeal is pending,
8   preclusion under <u>res judicata</u> or collateral estoppel is premature.

9   In their supplemental brief, Defendants, for the first time in this proceeding, raised the issue
10  of abstention under <u>Younger v. Harris</u>, 401 U.S. 37 (1971). <u>Younger</u> abstention is appropriate
11  when: (1) there are ongoing state judicial proceedings; (2) that implicate important state interests;
12  and (3) there is an adequate opportunity in the state proceedings to raise federal questions. <u>See
13  Middlesex County Ethics Committee v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982);
14  <u>AmerisourceBergen Corp. v. Roden</u>, __ F.3d __, 2007 WL 2296775, * 4 (9th Cir. 2007) The Ninth
15  Circuit in <u>AmerisourceBergen</u> clarified that there is a "vital and indispensable fourth element," that
16  is, ". . . if the court's action would enjoin, or have the practical effect of enjoining, ongoing state
17  court proceedings." <u>Id.</u> at *5 (stating that abstention under <u>Younger</u> is not proper unless all four
18  elements are strictly satisfied). Abstention is not warranted in this case because this vital fourth
19  element is not satisfied. In this case, a ruling on the issue of damages, which is the relief Plaintiff
20  seeks here, would not enjoin or have the effect of enjoining the state court action, in which Plaintiff
21  seeks reinstatement.

22  This case also does not appear to implicate an important state interest. Defendants argue that
23  the important state interest here is an employer's right to require an employee to reduce a purported
24  rescission request to writing. That interest, which involves an individual case and does not have
25  broad application, does not appear to rise to the level required for abstention. <u>See</u> <u>Harper v. Public
26  Serv. Comm'n</u>, 396 F.3d 348, 353-54 (4th Cir. 2005) (stating that important state interests include
27  enforcing state judgments, education, family relations, land use and zoning, probate, trusts and
28  estates, public health, regulation and licensing of health care professionals, charitable trusts, and

4

business interests that have historically been subject to state oversight); Fresh International Corp. v. Agricultural Labor Relations Bd., 805 F.2d 1353, 1358-60 (9th Cir. 1994) (concluding that California's interest in protecting the collective bargaining process in the agricultural arena through enforcement of the Agricultural Labor Relations Act is substantial for purposes of abstention; also stating that elimination of prohibited sex discrimination was also an important state interest) (citing Ohio Civil Rights Commission v. Dayton Christian Schools, Inc., 477 U.S. 619 (1986)); see also AmerisourceBergen, 2007 WL 2296775, * 5-6 ("But we have made it clear that '[t]he importance of the [state's] interest is measured by considering its significance broadly, rather than by focusing on the state's interest in the resolution of an individual case.' [citation omitted]; see also Champion Int'l, 731 F.2d at 1408 ("[A] challenge [] [to] only one . . . order, not the whole procedure is not a substantial enough interference with [a state's] administrative and judicial processes to justify abstention.").").

At the hearing, Plaintiff suggested that, in the interest of judicial economy, the Court should stay this proceeding in favor of the pending state court appeal. Plaintiff stated that if he ultimately prevails in his state court proceeding, he would obtain the relief he seeks and would dismiss this case. Defendants did not oppose a stay. Therefore, in the interest of judicial and party economy, the Court stays this action pending resolution of the state court proceedings. Moreover, even if the Court were to abstain pursuant to Younger, a stay, rather than dismissal, of this case is the appropriate relief because Plaintiff seeks damages. See Quackenbush v. Allstate Insurance Co., 517 U.S. 706, 730-31 (1996) (holding that abstention doctrines do not permit a court to dismiss an action for damages; rather, if abstention is appropriate, a court may stay an action for damages, but may not dismiss it); AmerisourceBergen Corp. v. Roden, 2007 WL 2296775, * 4 (9th Cir. 2007) ("However, when a federal plaintiff seeks monetary damages (rather than injunctive or declaratory relief) in a case requiring abstention under Younger, *dismissal* is not the appropriate procedural remedy.") (emphasis in original); Gilbertson v. Albright, 381 F.3d 965, 968 (9th Cir. 2004) ("However, federal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed.").

**CONCLUSION**

Defendants' motion to dismiss is denied without prejudice and this action is stayed pending resolution of the state court proceeding.  A case management conference is scheduled for June 3, 2008, and a joint case management conference statement shall be filed no later than May 27, 2008. If the state court proceeding is not complete by May 27, 2008, the parties may seek a continuance of the case management conference and shall provide the Court with their best estimate of the length of the continuance based on the status of the state court proceeding.  If the state court proceeding is completed before May 27, 2008, the parties shall inform the Court via joint letter not more than one week after completion of the proceeding and the Court may advance the date of the case management conference.

**IT IS SO ORDERED.**

Dated: September 20, 2007

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge